# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

MEGA FUNDING CORP. and NEW YORK COMMUNITY BANK
f/k/a NEW YORK COMMERCIAL BANK,

Plaintiffs,

– against –

ANASTASIOS STITHOS, 5947 REALTY LLC, STITHOS
REALTY LLC, STITHOS G. REALTY LLC, GEORGE STITHOS,
ANNA STITHOS, and MAGDA STITHOS,

Index No. 703777/2020

**SUMMONS**

**Date filed:** March 4, 2020

**TO EACH OF THE ABOVE-NAMED DEFENDANTS**:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action within thirty (30) days after completion of service of the Summons and Complaint where service is made in any manner other than personal delivery to you within the State of New York. If the United States is a defendant, its time to appear and answer, plead or demur is sixty (60) days after such service or such further time as the court may allow. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint. The basis of the venue designated is the location of the Defendants place of residences and/or principal place of business.

Dated: New York, New York
March 4, 2020

ANDERSON KILL P.C.

By:/s/ Deborah B. Koplovitz
    Deborah B. Koplovitz
Attorneys for Plaintiff
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
(212) 278-1000

docs-100238249.1

TO:   ANASTASIOS STITHOS
      59-47 160th Street, Queens, New York 11365


      5947 REALTY LLC
      59-47 160th Street, Queens, New York 11365


      STITHOS REALTY LLC
      59-47 160th Street, Queens, New York 11365


      STITHOS G. REALTY LLC
      59-47 160th Street, Queens, New York 11365


      GEORGE STITHOS
      59-47 160th Street apt 2, Queens, New York 11365 or

      3250 48th Street, Astoria, NY 11103-1721.


      ANNA STITHOS
      59-47 160th Street, Queens, New York 11365


      MAGDA STITHOS
      59-47 160th Street, Queens, New York 11365

docs-100238249.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

MEGA FUNDING CORP. and NEW YORK
COMMUNITY BANK f/k/a NEW YORK
COMMERCIAL BANK,

                      Plaintiffs,

    – against –

ANASTASIOS STITHOS, 5947 REALTY LLC,
STITHOS REALTY LLC, STITHOS G. REALTY LLC,
GEORGE STITHOS, ANNA STITHOS, and MAGDA
STITHOS,

                      Defendants.

Index No.

**COMPLAINT**

Plaintiffs Mega Funding Corp. ("Mega")  and New York Community Bank

f/k/a NEW YORK COMMERCIAL BANK (collectively referred to as "NYCB") through

their attorneys, Anderson Kill P.C. bring this Complaint relating to Anastatsios Stithos's

ownership in interests in several single purpose entities, to wit, Defendants Stithos Realty

LLC (sometimes referred to as "Stithos Realty"), Stithos G. Realty LLC (sometimes

referred to as "SG Realty") and 5947 Realty LLC (sometimes referred to as "5947"), which

entities own or owned real property, and which ownership interests in said LLC's were

fraudulently conveyed to Defendants GEORGE STITHOS,  (sometimes referred to as

"George"), ANNA STITHOS (sometimes referred to as "Anna")  and MAGDA STITHOS,

(sometimes referred to as "Magda")  by Defendant Anastasis Stithos (sometimes referred to

as "Anastasios") who was the sole or partial owner of Defendants Stithos Realty LLC,

Stithos G. Realty LLC, and 5947 Realty LLC, prior to the transfers to his family members,

1

which transfers he made for no consideration, and which constitute fraudulent conveyances

under New York law, and alleges as follows:

### THE NATURE OF THIS PROCEEDING AND ACTION

1.     This action is brought pursuant to New York's Debtor and Creditor

Laws, Article 10, sections 273, 274, 275, 276, 276-a, 278 and/or 279, to  set aside Defendant

Anastasios Stithos's fraudulent conveyances of valuable ownership interests he had in at least

three real estate companies, which ownership interests he conveyed to his family members

George, Anna and Magda for no consideration, as well as for injunctive relief, and for money

damages in the alternative.

2.     This action also seeks to set aside any subsequent transfers by, for

example, 5947 Realty LLC to Magda and Anna Stithos for no consideration, which transfer

was another and further step in the Defendants' continued actions and schemes to render

Anastasios' judgment proof.

3.     This action has been required because the Defendants' actions

violated Mega's and NYCB's rights creditors of Anastasios Stithos.

4.     As set forth herein, Anastasios Stithos  transferred his ownership

interests to his family members, George, Anna and Magda, under adverse financial

circumstances which served to frustrate or otherwise impede the legal rights of Plaintiff.

5.     As set forth herein, Anna and Magda also made a subsequent transfer

of the real property previously owned by 5447 into their own names individually, for no

consideration, and under adverse financial circumstances which served to frustrate or

otherwise impede the legal rights of Plaintiff. Because the initial transfer to Anna and Magda

2

of Anastasios's interests in 5947 should be reversed as set forth herein, 5947's transfer of its interests to Anna and Magda is also to be rendered a nullity as set forth herein.

6.      In light of Defendants' actions in violation of law, Plaintiff also seeks, in the alternative, monetary damages against George, Anna and Magda.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to New York's Debtor and Creditor Law and CPLR §§ 301 and 302.

8.      Venue in this Court is proper pursuant to CPLR §§ 503, 507 and 509.

## PARTIES

9.      Plaintiff Mega Funding Corp. ("Mega") is a corporation duly formed under the laws of the State of New York with its principal place of business at 34-20 31 Street, Astoria, New York 11106.

10.     NYCB is lending institution existing under the laws of the State of New York with its principal place of business at 1250 Broadway, New York, New York.

11.     New York Commercial Bank changed its name/merged with  New York Community Bank in approximately December 2018.

12.     NYCB and Mega are "creditors" as defined by NY DCL§ 270 by virtue of the guarantees signed by Anastasios in their favor, and in light of the participation agreements between NYCB and Mega.

3

13.     Upon information and belief, Anastasios Stithos is a resident of the County of Queens, State of New York, residing at 59-47 160th Street, Queens, New York 11365.

14.     Upon information and belief, Defendant Magda Stithos is a resident of the County of Queens, State of New York, also residing at 59-47 160th Street, Queens, New York 11365.

15.     Upon information and belief, Defendant George Stithos is a resident of the County of Queens, State of New York, also residing at 59-47 160th Street, Queens, New York 11365 and/or 3250 48th Street, Astoria, NY 11103-1721.

16.     Upon information and belief, Defendant Anna Stithos is a resident of the County of Queens, State of New York, also residing at 59-47 160th Street, Queens, New York 11365.

17.     5947 Realty LLC is an entity duly formed under the laws of the State of New York and has or had its principal place of business at 59-47 160th Street, Queens, New York 11365.

18.     Defendant Stithos Realty LLC is a domestic limited liability company in the County of Queens, State of New York, initially established on or about June 17, 2013, with its principal place of business located at 59-47 160th Street, Queens, New York 11365..

19.     Stithos G. Realty LLC is an entity duly formed under the laws of the State of New York and has or had its principal place of business at 59-47 160th Street, Queens, New York 11365.

20.     Magda is the wife of Anastasios.

4

21.     George is the son of Magda and Anastasios.

22.     Anna is the daughter of Magda and Anastasios.

23.     This action involves Anastasios's ownership interests in Stithos Realty LLC, Stithos G. Realty LLC and 5947 Realty LLC, which he transferred to his family members for no consideration at a time when Mega and NYCB were creditors, and under circumstances which amount to both constructive and actual fraud.

24.     This action also involves a subsequent transfer by 5947 to Anna and Magda.

## SUMMARY OF APPLICATION

25.     This action involves Anastasios's deliberate and systematic transfer of his interests in real property entities in each of the aforementioned LLC companies to his wife and children, Magda, Anna and George respectively, for no consideration, at a time when Anastasios was engaged in business, at a time when he owed debts to Mega and NYCB and which transfers rendered him insolvent, which frustrated Mega's and its participant, NYCB's, ability to collect against Anastasios in conjunction with his guaranty obligations to Mega and NYCB.

26.     These conveyances raise numerous "badges of fraud" which give rise to a clear inference of an intent to defraud.

27.     These conveyances involve intra-family transfers, a lack of consideration, knowledge of Anastasios's guaranty obligations to Plaintiffs, suspicious

5

transfers not within the usual course of business, and Anastasios's continued retention and use of the properties and the proceeds therefrom.

28.     Moreover, in approximately 2016, the entity, 5947 Realty LLC transferred sole ownership of the real property described herein as "Premises 3" to Magda and Anna for no consideration, in a further attempt to attenuate any connection between Anastasios and that property.

29.     Each of the transfers described herein is a "conveyance" pursuant to NY DCL §270.

30.     "Fair consideration" is defined pursuant to Article 10 of New York's Debtor and Creditor laws and means that "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied." NYDCL § 272(a) or "When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained." NYDCL § 272(b)

31.     Good faith of both the transferor and the transferee is an indispensable element of fair consideration.

32.     The lack of good faith imports a failure to deal honestly, fairly and openly.

33.     A transfer of property with the intent to or knowledge of the fact that the transfer would hinder or delay another creditor lacks good faith.

6

34.     A transfer of assets to an insider or an entity controlled by the insider establishes a lack of good faith as a matter of law.

35.     There is no dispute that in receiving *no consideration* for his ownership interests in each of the LLC's herein named, Anastasios did not receive "fair consideration" as defined by the law, and that he lacked good faith.

36.     There is no dispute that in receiving no consideration for its ownership interest, 5947 Realty LLC and did not receive "fair consideration" as defined by the law, and that it lacked good faith.

37.     As set forth herein, Anastasios and 5947 were rendered insolvent by the transfers.

38.     N.Y. Debt. & Cred. Law §271(1) (2013) defines "insolvency" as follows:

> A person is insolvent when the present fair salable value of his
> assets is less than the amount that will be required to pay his
> probable liability on his existing debts as they become
> absolute and matured.

## FACTUAL BACKGROUND

39.     Non-party, Zakintos & Platanos Cab Corp.[1] ("Zakintos") is a New York State Corporation, wholly owned by Defendant Anastasios.

40.     Zakintos owns only two taxi medallions, and no other property.

---

[1] Zakintos & Platanos filed for bankruptcy on or about January 10, 2019. This case does not involve that company; this case solely relates to the actions of the guarantor, Anastasios and his family members, and other LLC's, which constitute fraudulent  in violation of law, as set forth herein.

7

41.     On or about July 8, 2013, when the value of a taxi medallion had peaked at around $1,000,000, Mega and Zakintos entered into a promissory note wherein Plaintiff would loan the amount of $1,800,000.00 to Zakintos to be paid off pursuant to the terms of those promissory note.

42.     On said date, Anastasios, a person engaged in business by virtue of his sole ownership of Zakintos, and also his engagement in the three real estate LLC's described herein, also signed a personal guaranty and a promissory note in favor of Plaintiffs with respect to said sum.

43.     At the time of the issuance of the 2013 loan and guaranty, NYCB and Mega were both lending participants in conjunction with a participation agreement between those parties dated June 26, 2007.

44.     The proceeds of the $1,800,000 loan made to Zakintos were disbursed as follows:

- The sum of $811,413.18 was disbursed to Zakintos & Planatos Cab Corp.;

- The sum of $150,000 was disbursed to Nicolosi & Nicolisi LLP, as attorneys;

- The sum of $500.00 was disbursed to Plaintiff for lien filing fees;

- The sum of $13,142.47 was disbursed to Plaintiff for interest and other fees;

8

docs-100237931.1

- The sum of $824,944.35 was disbursed to Empire State Bank to payoff Zakintos's previous loan with that lender.

45.    In conjunction with the issuance of the loan and guaranty, Anastasios also signed an affidavit of confession of judgment, giving Plaintiff the right to obtain a money judgment in the event that he and Zakintos & Platanos defaulted in the payment obligations to Plaintiff.

46.    Part of the net proceeds of the $1,800,000 which were disbursed to Zakintos, were then loaned to Anastasios by Zakintos.

47.    Upon information and belief, at least $961,000 was loaned to Anastasios by Zakintos.

48.    Upon information and belief, said money was in the form of payments made on Anastasios's behalf, either to lawyers, such as Nicolosi & Nicolosi LLP, and to sellers of real property, such as Costanzo Corporation, the prior owner of the property located at 160-01 Horace Harding Expressway, Flushing, New York, and in the form of payments advanced on behalf of Anastasios for personal credit card debt and health care.

49.    For example, Anastasios used the proceeds of the money he borrowed from Zakintos to invest in Stithos Realty LLC.

50.    Upon information and belief, subsequently, starting in March, 2014 and thereafter, Anastasios transferred all of his interests in Stithos Realty LLC, Stithos G. Realty LLC and 5947 Realty LLC to his family members for no consideration, which transfers rendered him insolvent and which frustrated Plaintiff's ability to collect from

9

Anastasios in conjunction with his guaranty obligations, and which violated New York's

Debtor and Creditor laws and constitute fraudulent conveyances.

  51.  Despite these transfers, Anastasios continued to make representations

to Plaintiffs in loan applications and personal financial statements submitted therewith, that

he remained the 100% owner of the real properties located at 59-47 160th Street, Queens,

New York, 160-01 Horace Harding Expressway, Queens, NY, and 32-50 48th Street, Queens,

NY, the three properties at issue herein, and which he transferred to his family members.

  52.  Accordingly, Anastasios continued to use the properties as if they

were still his own.

  53.  Moreover, based upon these representations, Plaintiffs agreed to

extend and/or renew the 2013 loan to Zakintos that was supported by the 2013 guaranty with

Anastasios. This extension and/or renewal was provided under more favorable terms to

Zakintos due to the personal financial statement provided by Anastasios Stithos for each

extension and/or renewal.

  54.  Indeed, on September 27, 2017, Anastasios signed a new guaranty

with NYCB for the then balance which remained on the 2013 loan.

  55.  At the time of the 2017 loan and guaranty, which was an extension of

the 2013 loan and guaranty, Mega and NYCB continued to be lending participants in

accordance with an agreement between them.

  56.  Moreover, since the representations made by Anastasios in 2016 and

2017, Plaintiffs subsequently learned that in 2015 and 2016 Stithos Realty LLC filed tax

returns with the United States Government in which there were assertions made that

10

Anastasios still owned 40% of that entity. Accordingly, it is plain that Anastasios was still continuing to use this assets generated from this property as if they were still his own and continued to seek financing.

57.     Upon information and belief, the same or similar representations with respect to SG Realty and 5947 were also made to the United States Government as to Anastasios's continued "ownership" of those entities. Accordingly, it is plain that Anastasios was still continuing to use the assets generated from these properties as if they were also still his own, and he continued to seek financing.

58.     In 2019, after Anastasios and Zakintos had defaulted on the guaranty and loan obligations to Plaintiffs, a confession of judgment was entered in the New York Supreme Court, County of Queens under Index Number 705904/2019 in favor of NYCB in the amount of $1,673,256.10.

A)  STITHOS REALTY LLC

59.     Stithos Realty LLC is a single purpose entity which owns real property located in County of Queens, State of New York located known as 160-01 Horace Harding Expressway, Flushing, New York 11355 ("Premises 1").

60.     Anastasios used the proceeds from Mega and NYCB which came to him through a loan from Zakintos, to purchase Premises 1 in the name of his wholly owned LLC, known as Sithos Realty LLC.

61.     Upon information and belief, Premises 1 is a multi-unit residential apartment building which generates significant rental proceeds and net operating income.

11

62.     Upon information and belief, on or about March 31, 2014, after the taxi medallion business had started to decline, Anastasios Stithos fraudulently conveyed his ownership interest in Stithos Realty LLC, with an address of 59-47 160th Street, Queens, New York 11365, to Magda and George, for no consideration.

63.     The transfer was memorialized in an assignment and amendment agreement.

64.     In said assignment and amendment agreement, Magda became the 60% owner of Sithos Realty LLC.

65.     In said assignment and amendment, George became the 40% owner of Sithos Realty LLC.

66.     Anastasios no longer had any ownership interest in Sithos Realty LLC after the transfer, yet since that time, he has, upon information and belief, continued to use proceeds from rental tenants, in an amount of approximately $7,000 a month, as if they were his own, and to make representations to Plaintiffs and to the US Government that he was still a full or partial owner of Stithos Realty LLC. .

67.     Anastasios has stated that he made this transfer for "estate planning" but in actuality, said transfer was made to shield Anasatsios from liability to Mega and NYCB in conjunction with his 2013 guaranty, as Anastasios knew the taxi medallion market was declining and he would have significant liability in the event of a default.

68.     The transfer of Anastasios's interest in Stithos Realty rendered Anastasios insolvent, because the present fair salable value of his assets became less than the amount that will be required to pay his liability on his existing debts.

12

69.     The Defendants Anastasios, Magda, and George did this with the actual intent of frustrating Plaintiff, since they knew that Anastasios had guaranteed a significant loan, and his property would be available to satisfy any defaults thereon.

70.     While at one point in time, there was a mortgage on Premises 1, upon information and belief, there is no mortgage on Premises 1, as any prior mortgage was terminated on or about March 14, 2019.

71.     Magda and George participated in this transfer for no consideration by virtue of their signatures on the assignment and amendment agreement of Stithos Realty LLC.

### B) STITHOS G. REALTY LLC

72.     Stithos G. Realty LLC is a single purpose entity which owns a parcel of real property located in County of Queens, State of New York located at 32-50 48th Street, Astoria, New York 11355 ( "Premises 2").

73.     Upon information and belief, Premises 2 is a six-unit residential apartment building which generates significant rental proceeds.

74.     Upon information and belief, on or about March 31, 2014, Anastasios transferred his membership in Stithos G. Realty LLC to Magda and George, which transfer was memorialized in an assignment and amendment.

75.     Upon information and belief, in said assignment and amendment, Magda became a partial owner of Sithos G. Realty LLC.

76.     In said assignment and amendment, George became a partial owner of Sithos G. Realty LLC.

13

docs-100237931.1

77. Anastasios no longer had any ownership interest in Sithos G. Realty LLC after the transfer of his interests.

78. Said transfer was made for no consideration.

79. Anastasios has stated that he made this transfer for "estate planning" but in actuality, said transfer was made to shield Anasatsios from liability in conjunction with his guaranty obligations, as Anastasios knew the taxi medallion market was declining and he would have significant liability in the event of a default by Zakintos.

80. The transfer was made for no consideration, rendering Anastasios insolvent, because the present fair salable value of his assets became less than the amount that will be required to pay her liability on his existing debts.

81. The Defendants did this with the actual intent of frustrating Plaintiff, since they knew that Anastasios had guaranteed a significant loan to Plaintiff, and his property would be available to Plaintiff to satisfy any defaults thereon.

82. In an obvious attempt to avoid any such attachment of his LLC interests in the company that owns Premises 2, Anastasios transferred title to his family members in an attempt to frustrate Plaintiff.

83. Anastasios no longer had any ownership interest in SG Realty LLC after the transfer, yet since that time, he has, upon information and belief, continued to use proceeds from rental tenants, as if they were his own.

84. Magda and George participated in the Conveyance of Anastasios's interests in SG Realty LLC for no consideration by virtue of their signatures on the assignments of Anastasios's ownership interests to them.

14

C) 5947 REALTY LLC

85.     Until April 16, 2012, Anastasios was the sole owner, in his personal capacity, of the real property located at 59-47 160th Street, Fresh Meadows, New York ("Premises 3"), also known as Block 6738, Lot 15.

86.     At or around that time, he conveyed his interests in Premises 3 to an entity he solely owned, known as 5947 Realty LLC, with an address of 59-47 160th Street, Queens, New York 11365.

87.     In April, 2016, Anastasios Stithos fraudulently conveyed his ownership interest in 5947 Realty LLC, with an address of 59-47 160th Street, Queens, New York 11365 to Magda and Anna, for no consideration, to remove any possibility of Mega seeking to collect on any default in his guaranty obligations to Mega.

88.     Upon information and belief, in 2016, 5947 Realty fraudulently conveyed its sole asset to Magda and Anna for no consideration, in a continued scheme to remove or attenuate the connection between Anastasios and 5947 Realty.

89.     Upon information and belief, Anna, Anastasios and Magda continue to reside in Premises 3.

90.     At the time of his transfer of his ownership interest in said real property to 5947 Realty LLC, and at the time he transferred that ownership to Magda and Anna, he nevertheless remained the mortgagor, and remained liable to the lender in the amount of approximately $300,000 in conjunction with the mortgage and the note which he obtained personally for this property.

15

91.     The mortgage is recorded with the New York City Register for the City of New York at CRFN 200600000795.

92.     Upon information and belief, in November, 2016, Anastasios was also liable to Mega for the guaranty obligations on the note in the amount of $1,800,000.

93.     Thus, in addition to being liable for the 2013 loan and guaranty, Anastsios also owed debts to the mortgagee of 59-47 160th Street, Queens, New York, and owed at least $900,000 to Zakintos.

94.     In conjunction with his transfer of his ownership interests to his wife and daughter of his interests in 5947 Realty LLC, he was rendered insolvent, because his guaranty in the amount of $1,800,000 and the mortgage he pledged for the property at 59-47 160th Street, Queens, New York, the loan to him from Zakintos for at least $900,000 and the mortgage in the amount of $300,000, were in excess of the value of his remaining assets at that time.

95.     In April 2016, after he transferred his last ownership interest in 5947 Realty LLC to his wife and daughter, his only remaining asset was his 100% interest in Zakintos, which was a company whose value was already far less than its liabilities, as that asset had been overleveraged by Anastasios in his management of Zakintos.

96.     Accordingly, in  April 2016, at the time he transferred his last LLC interest to his family members, he was rendered insolvent, although upon information and belief, he had already long since rendered himself insolvent by virtue of his other transfers nd loan and guaranty obligations described herein.

16

97.     After Magda and Anna became the owners of 5947 Realty LLC, they subsequently transferred title to Premises 3 to themselves in their own names in conjunction with a recorded deed, for no consideration, as indicated by property records.

98.     At the time of that transfer, 5947 Realty was rendered insolvent, as Premises 3 was its sole asset.

D) Debts Owed by Anastasios

99.     In 2013, Anastasios Stithos borrowed from Zakintos a sum of no less than $900,000. Therefore, he owed a liability to Zakintos in said amount.

100.    Upon information and belief, at all times relevant herein, Anastasios also owed a mortgage debt for the real property located at 59-47 160th Street, Queens, New York in an amount of at least $300,000.

101.    Moreover, upon information and belief, Anastasios, who was an experienced business person, testified that the debt service for the $1,800,000 loan from Mega to Zakintos in 2013 was in the approximate amount of $8,000.00  per month but the medallion only yielded the sum of $7,000 per month.

102.    Therefore, the value of any of his assets in Zakintos in conjunction with his shares of stock in that company were already valueless at the time of the issuance of the 2013 loan and guaranty, as Anastasios had overleveraged that asset.

103.    By virtue of each and every one of the transfers for no consideration of his LLC assets in Stithos Realty LLC, Stithos G. Realty LLC and 59-47 Realty LLC, Anastasios, an individual engaged in business transactions with Plaintiff, was left with an unreasonably small capital to conduct his business.

17

104.    Starting in March 2014 with the transfer of his ownership in Stithos

Realty LLC and Stithos G. Realty LLC to his family members for no consideration, he was

left with an unreasonably small capital to conduct his business, because after the transfers of

those assets, he was left with only his ownership interest in Zakintos, which was worthless,

and his ownership in 59-47 Realty LLC, which was also underwater, as it was encumbered

by a mortgage.

105.    Accordingly, by virtue of owning 59-47 Realty LLC and Zakintos

alone for the period of 2014-2016, Anastasios did not have enough capital to conduct his

business, and began relying on his daughter and son to help him make "ends meet" as he has

testified.

106.    Moreover, after the final transfer of 59-47 Realty LLC to his family

members for no consideration in 2016, it is indisputable that Anastasios did not have enough

capital to conduct his business, and could not function without the infusions of capital from

his daughter and son.

107.    As set forth above, not only did these transfers to his family members

for no consideration, which commenced in 2014 and concluded in 2016, leave Anastasios

with too little capital to conduct his business, but, upon information and belief, these

transfers rendered him outright insolvent.

108.    Further, Anastasios testified at an examination under oath that as far

back as 2013, when he guaranteed the loan for his company, Zakintos, for the benefit of

Mega, he was already unable to service the debt to Mega.

18

109.    Accordingly, each of his subsequent transfers to his family members, the other defendants herein, which were made for no consideration, were made under clear conditions indicating that Anastasios believed that he will incur debts beyond his ability to pay as they mature.

110.    Finally, as set forth herein, Anastasios transferred his assets in Stithos Realty LLC, Stithos G. Realty LLC and 59-47 Realty LLC with actual intent to hinder, delay, or defraud Plaintiff's ability to collect on the guaranty, and the inevitable Judgment which was entered in 2019.

111.    Accordingly, each and every one of the transfers which Anastasios made for no consideration is fraudulent as to Plaintiffs, present and future creditors at the time of each of the transfers.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(Setting Aside a Fraudulent Conveyance and ordering the turnover of property pursuant to Debtor Creditor Law §§273, 278 and 279)

112.    Plaintiff repeats and realleges each of the foregoing allegations in paragraphs "1"-"111" as if fully set forth herein.

113.    New York's Debtor Creditor Law § 273 provides that "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

114.    As set forth above, each of the transfers of his interests in Stithos Realty, SG Realty and 5947 by Anastasios to Anna, George and Magda was made without

19

fair consideration within the meaning of Debtor and Creditor Law Article 10, Section 270, since they were made for no consideration.

115.    Plaintiffs are creditors of Anastasios pursuant to DCL §270 by virtue of the guarantees and the Judgment.

116.    Upon information and belief, each and every one of the conveyances described herein also rendered Defendant Anastasios insolvent and unable to pay his existing debts, including his then present (and future) guaranty obligations to Plaintiffs.

117.    Each and every one of the conveyances described herein was made by Anastasios, and knowingly received by George, Anna and Magda in willful and wanton derogation of Plaintiffs' rights  as  creditors of Anastasios by virtue of his guaranty to Mega and subsequently, directly to NYCB.

118.    The Conveyances were all fraudulent within the meaning of Debtor and Creditor Law §§273, 278 and 279.

119.    By reason of the foregoing, Plaintiffs are entitled to a judgment and order setting aside the conveyances of Anastasios ownership interests in Stithos Realty LLC, Stithos G. Realty LLC and 59-47 Realty LLC, as fraudulent, or a money judgment, in the alternative.

120.    Moreover, the subsequent transfer of 5947 by that entity to Anna and Magda individually also constitutes a fraudulent conveyance as it was also made for no consideration and was part of the scheme by the Defendants to further attenuate any connection to Anastasios.

20

121.     By reason of the foregoing, Plaintiff is entitled to a judgment and order setting aside the conveyances of  59-47 Realty LLC  to Anna and Magda, as fraudulent and/or a money judgment, in the alternative.


## SECOND CAUSE OF ACTION

(Setting Aside a Fraudulent Conveyance  Debtor Creditor Law §§274, 278 and 279 )

122.     Plaintiff repeats and realleges each of the foregoing allegations in paragraphs "1" to "121" as if fully set forth herein.

123.     New York's Debtor Creditor Law § 274 provides "Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent."

124.     Plaintiffs are creditors of Anastasios pursuant to DCL 270 by virtue of the guarantees and the Judgment.

125.     Upon information and belief,  by conveying his interests in Stithos Realty LLC, SG Realty LLC and 5947 (the "Conveyances") to his family members for no consideration, Anastasios was engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance was an unreasonably small capital.

21

126.    The Conveyances were  made by Anastasios and knowingly received by George, Anna and Magda in willful and wanton derogation of Plaintiffs' rights as creditors of Anastasios and as other persons..

127.    Accordingly, the Conveyances were fraudulent conveyances within the meaning of Debtor Creditor Law Section 274.

128.    By reason of the foregoing, Plaintiffs are entitled to a judgment and order setting aside the conveyances of Anastasios ownership interests in Stithos Realty LLC, Stithos G. Realty LLC and 59-47 Realty LLC, as fraudulent or a money judgment, in the alternative.

129.    Plaintiff is also entitled to an order voiding the transfer of 5947 to Anna and Magda, as said transfer is void by virtue of the transfer of Anastasios' interests in 5947 to Anna and Magda being rendered a nullity and being set aside and/or a money judgment in the alternative.

.

### THIRD CAUSE OF ACTION

(Setting Aside a Fraudulent Conveyance  Debtor Creditor Law §§275, 278 and 279)

130.    Plaintiff repeats and realleges each of the foregoing allegations in paragraphs "1" to "129" as if fully set forth herein.

131.    N.Y. Debt. & Cred. Law §275 provides:

> Every conveyance made and every obligation incurred
> without fair consideration when the person making the
> conveyance or entering into the obligation intends or believes

22

that he will incur debts beyond his ability to pay as they
mature, is fraudulent as to both present and future creditors.

132.    Under this section, therefore, the conveyances described above are
fraudulent as to future creditors because Anastasios believed that he would not be able to pay
on the guaranty obligations as they  matured, even if he was solvent at the time of the
Conveyances.

133.    Plaintiffs are creditors of Anastasios pursuant to DCL 270 by virtue
of the guarantees and the Judgment.

134.     Accordingly, in making the above-referenced transfers to his family
members for no consideration, Anastasios had, at a minimum, the intent to incur debts
beyond his ability to repay them as the debts matured.

135.    The Conveyances were  made by Anastasios and knowingly received
by George, Anna and Magda, in willful and wanton derogation of Plaintiffs' rights as
creditors of Anastasios.

136.    Accordingly, the Conveyances were fraudulent conveyances within
the meaning of Debtor Creditor Law Section 275.

137.    By reason of the foregoing, Plaintiffs are entitled to a judgment and
order setting aside the conveyances of Anastasios ownership interests in Stithos Realty LLC,
Stithos G. Realty LLC and 59-47 Realty LLC, as fraudulent or a money judgment, in the
alternative.

23

138.     Plaintiff is also entitled to an order voiding the transfer of 5947 to

Anna and Magda, as said transfer is void by virtue of the transfer of Anastasios' interests in

5947 to Anna and Magda being rendered a nullity and being set aside.

## FOURTH CAUSE OF ACTION

(Setting Aside a Fraudulent Conveyance  Debtor Creditor Law §§276, 278 and 279)

139.     Plaintiff repeats and realleges each of the foregoing allegations in

paragraphs "1" to "138" as if fully set forth herein.

140.     N.Y. Debt. & Cred. Law §276 provides:

> Every conveyance made and every obligation incurred with
> actual intent, as distinguished from intent presumed in law, to
> hinder, delay, or defraud either present or future creditors, is
> fraudulent as to both present and future creditors.

141.     Plaintiffs are creditors of Anastasios pursuant to DCL 270 by virtue

of the guarantees and the Judgment.

142.     Each of the Conveyances, and the subsequent conveyance by 5947

were made with the actual intent to hinder, delay or defraud creditors, including Plaintiffs.

143.     Based upon the foregoing, the Conveyances are fraudulent pursuant

to DCL 276.

144.     By reason of the foregoing, Plaintiffs are entitled to a judgment and

order setting aside the conveyances of Anastasios ownership interests in Stithos Realty LLC,

Stithos G. Realty LLC and 59-47 Realty LLC, as fraudulent or a money judgment, in the

alternative.

24

docs-100237931.1

145.    Plaintiff is also entitled to an order voiding the transfer of 5947 to

Anna and Magda, as said transfer is void by virtue of the transfer of Anastasios' interests in

5947 to Anna and Magda being rendered a nullity and being set aside.

**FIFTH CAUSE OF ACTION**

(Pursuant to Debtor Creditor Law §276-a)

146.    Plaintiff repeats and realleges each of the foregoing allegations in

paragraphs "1" to "145" as if fully set forth herein.

147.    If  a Plaintiff establishes an actual intent to defraud, it is also entitled

to recover a reasonable attorney's fee and expenses.

148.    Debtor & Creditor Law § 276–a provides that:

> in an action or special proceeding brought by a creditor ... to
> set aside a conveyance by a debtor, where such conveyance is
> found to have been made by the debtor and received by the
> transferee with actual intent, as distinguished from intent
> presumed in law, to hinder, delay or defraud either present or
> future creditors, in which action or special proceeding the
> creditor ... shall recover judgment, the justice ... shall fix the
> reasonable attorney's fees of the creditor ...

149.    In order to gauge whether a transfer was made with actual fraudulent

intent, courts consider various badges of fraud to establish an inference of fraudulent intent.

150.    These "badges of fraud" factors include: (1) a close relationship

between the parties to the transaction, (2) a secret and hasty transfer not in the usual course of

business, (3) inadequacy of consideration, (4) the transferor's knowledge of the creditor's

25

claim and his or her ability to pay it, (5) the use of dummies or fictitious parties, and (6) retention of control of the property by the transferor after the conveyance.

151.    Each of the elements representing the badges of fraud is present in this case.

152.    Anastasios  has a close relationship with his family members Anna, George and Magda. .

153.    The defendants made a hasty transfer for no consideration after the taxi medallion value declined.

154.    Upon information and belief, Defendants indisputably  had knowledge of the affidavits of confession of judgment executed in favor of Plaintiff and the guaranty obligations of Anastasios.

155.    Yet, despite this knowledge, Anastasios's interests in the above-mentioned LLCs  were conveyed to his family members, George, Anna and Magda.

156.    Further, the conveyance was for inadequate consideration, which rendered Defendant Anastasios unable to pay his guaranty obligations and Plaintiffs' claims.

157.    Lastly, Anastasios "transferred" title to George, Anna and Magda who, are simply straw owners, since Anastasios still maintains control of the aforementioned LLCs, and still collects the rental income from the tenants at the Premises 1 and Premises 2 and has still reported to the US Government that he is an owner of those LLCs.

158.    The Conveyances and the conveyance from 5947 to Anna and Magda, were not made in good faith, and were  made with actual knowledge that it would hinder or delay Plaintiffs' collection efforts

26

159.     Accordingly, Plaintiffs are entitled to a judgment pursuant to NY

DCL 276-a, awarding Plaintiffs their reasonable attorneys' fees and expenses and costs in

this action.

## CLAIMS FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request the following relief:

1.     Setting aside the Conveyances, as well as the conveyance from 5947

to Anna and Magda, or alternatively, for monetary relief;

2.     Enjoining (i) all Defendants from transferring, dissipating, assigning,

conveying, encumbering or otherwise disposing of the properties at issue in this matter, or

any assets of Anastasios, Stithos Realty LLC, Stithos G Realty LLC, 5947, George, Anna

and Magda;

3.     That upon the setting aside of the fraudulent conveyances of the

Conveyances and the conveyance of 5947 to Anna and Magda, granting an  Order directing

the attachment and execution ownership interests in  the LLCs described herein as well as

Premises 1, 2, and 3, and any  rental proceeds; and

4.     That (pursuant to Debtor and Creditor Law § 276-a), the Judgments

be augmented from the date of the Judgments to include Plaintiff's attorneys' fees, expenses

and costs which have been incurred in this proceeding; and

5.     Awarding punitive damages; and

6.     For such other and further relief as the Court may deem just and

proper.

27

docs-100237931.1

Dated:      New York, New York
               March 4, 2020

                           ANDERSON KILL P.C.

                  By: /s/ Deborah B. Koplovitz
                     Deborah B. Koplovitz, Esq.
                      1251 Avenue of the Americas
                     New York, New York  10020
                     (212) 278-1000
                     *Attorneys for Plaintiff*

28

INDEX NO. 703777/2020
Job #: 179987
RECEIVED NYSCEF: 03/20/2020

**Attorney:** ANDERSON KILL, P.C. PH: (212) 278-1000
**Address:** 1251 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10020-1182

MEGA FUNDING CORP. and NEW YORK COMMUNITY BANK f/k/a NEW YORK COMMERCIAL BANK

*Plaintiff*

*vs*

ANASTASIOS STITHOS., ETAL.,

*Defendant*

**Index Number:** 703777/2020

**Date Filed:** 03/04/2020

**Client's File No.:**

**Court Date:**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
**SCHADRAC LAGUERRE**, being sworn says:

# AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 3/10/2020, at 7:30 AM at: **59-47 160th STREET, QUEENS, NY 11365** Deponent served the within **Notice of Electronic Filing, Summons and Complaint**

On: **ANASTASIOS STITHOS**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to Dani (Co-Tennant) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [X] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☒ **#5 MAILING**
On 03/17/2020, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [X] Actual Place of Residence [] Actual Place of Business, **59-47 160th STREET, QUEENS, NY 11365** and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
**Sex:** Female    **Color of skin:** Olive **Color of hair:** Black    **Glasses:**
**Age:** 36-50    **Height:** 5ft 4in - 5ft 8in    **Weight:** 131-160 Lbs.    **Other Features:**

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 03/17/2020

**JAY BRODSKY**
Notary Public State of New York
No. 31-4683271
Qualified in New York County
Commission Expires Feb. 2, 2023

SCHADRAC LAGUERRE
2020030/DCA

ABC Process Serving Bureau Inc., 225 Broadway, Suite 2950, New York, NY 10007

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Attorney: ANDERSON KILL, P.C. PH: (212) 278-1000
Address: 1251 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10020-1182

MEGA FUNDING CORP. and NEW YORK COMMUNITY BANK f/k/a NEW YORK
COMMERCIAL BANK

*vs*                                                                    *Plaintiff*

ANASTASIOS STITHOS., ETAL.,

*Defendant*

| | |
|---|---|
| **Index Number**: 703777/2020 | |
| **Date Filed**: 03/04/2020 | |
| **Client's File No.**: | |
| **Court Date**: | |

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
**SCHADRAC LAGUERRE**, being sworn says:

# AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 3/10/2020, at **7:30 AM** at: **59-47 160th STREET, QUEENS, NY 11365** Deponent served the within **Notice of Electronic Filing, Summons and Complaint**

On: **MAGDA STITHOS**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to Dani (Co-Tennant) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [X] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☒ **#5 MAILING**
On 3/17/2020, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [X] Actual Place of Residence [] Actual Place of Business, **59-47 160th STREET, QUEENS, NY 11365** and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
Sex: Female          Color of skin: Olive Color of hair: Black     Glasses:
Age: 36-50          Height: 5ft 4in - 5ft 8in                    Weight: 131-160 Lbs.          Other Features:

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 3/17/2020

**JAY BRODSKY**
Notary Public State of New York
No. 31-4683271
Qualified in New York County
Commission Expires Feb. 2, 2023

SCHADRAC LAGUERRE
2026030-DCA

ABC Process Serving Bureau Inc., 225 Broadway, Suite 2950, New York, NY 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Attorney: ANDERSON KILL, P.C. **PH**: (212) 278-1000
Address: 1251 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10020-1182

MEGA FUNDING CORP. and NEW YORK COMMUNITY BANK f/k/a NEW YORK
COMMERCIAL BANK

**vs**                                                                    *Plaintiff*

ANASTASIOS STITHOS., ETAL.,

*Defendant*

| |
|---|
| **Index Number**: 703777/2020 |
| **Date Filed**: 03/04/2020 |
| **Client's File No.**: |
| **Court Date**: |

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
**SCHADRAC LAGUERRE**, being sworn says:

# AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **3/10/2020**, at **7:30 AM** at: **59-47 160th STREET, QUEENS, NY 11365** Deponent served the within **Notice of Electronic Filing, Summons and Complaint**

On: **ANNA STITHOS**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to Dani (Co-Tennant) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment  [X] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☒ **#5 MAILING**
On 3/17/2020, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [X] Actual Place of Residence [] Actual Place of Business, **59-47 160th STREET, QUEENS, NY 11365** and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
Sex: Female          Color of skin: Olive Color of hair: Black     Glasses:
Age: 36-50          Height: 5ft 4in - 5ft 8in          Weight: 131-160 Lbs.          Other Features:

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 3/17/2020

**JAY BRODSKY**
Notary Public State of New York
No. 31-4683271
Qualified in New York County
Commission Expires Feb. 2, 2023

SCHADRAC LAGUERRE
2026030-DCA

ABC Process Serving Bureau Inc., 225 Broadway, Suite 2950, New York, NY 10007

1 of 1

INDEX NO. 703777/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Attorney: ANDERSON KILL, P.C. PH: (212) 278-1000
Address: 1251 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10020-1182

MEGA FUNDING CORP. and NEW YORK COMMUNITY BANK f/k/a NEW YORK COMMERCIAL BANK

*vs*

ANASTASIOS STITHOS., ETAL.,

*Plaintiff*

*Defendant*

**Index Number**: 703777/2020

**Date Filed**: 03/04/2020

**Client's File No.:**

**Court Date:**

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS.:
**SCHADRAC LAGUERRE**, being sworn says:

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **3/10/2020**, at **5:57 PM** at: **3250 48th STREET, ASTORIA, NY 11103** Deponent served the within **Notice of Electronic Filing, Summons and Complaint**

On: **GEORGE STITHOS**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to Victor (Co-Tennant) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment  [X] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☒ **#5 MAILING**
On 03/17/2020, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [X] Actual Place of Residence [] Actual Place of Business, **3250 48th STREET, ASTORIA, NY 11103** and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside. thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
Sex: Male          Color of skin: Brown          Color of hair: Black          Glasses:
Age: 36-50          Height: 5ft 4in - 5ft 8in          Weight: 131-160 Lbs.          Other Features:

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

Sworn to before me on 03/17/2020

**JAY BRODSKY**
Notary Public State of New York
No. 31-4683271
Qualified in New York County
Commission Expires Feb. 2, 2023

SCHADRAC LAGUERRE
1026020-DCA

ABC Process Serving Bureau Inc., 225 Broadway, Suite 2950, New York, NY 10007

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
COUNTY OF QUEENS          SUPREME COURT   FILED ON: 3/4/2020   INDEX NO.: 703777/2020

MEGA FUNDING CORP. and NEW YORK COMMUNITY BANK f/k/a NEW YORK COMMERCIAL BANK          Plaintiff(s)-Petitioner(s)

-vs-

ANASTASIOS STITHOS, et al.,

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, Samuel McClosky being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On  MARCH 13, 2020          at 11:25 A.M.
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 703777/2020          and date of filing: 3/4/2020
upon **STITHOS G. REALTY LLC**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

**MANNER OF SERVICE}**

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 2 copies with} **NANCY DOUGHERTY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 303 LLC   and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on          . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by __first class mail__certified mail__registered mail__return receipt requested.
Certified or registered number:
Deponent further states upon information and belief that said person so served is not in the Military service of the State of New York or the United States as the term is defined in either State or Federal statutes.

**DESCRIPTION}** deponent describes the person actually served as:
Sex: FEMALE          Race/Skin Color: WHITE          Hair Color: BLACK
Approximate Age: 60  years   Approximate Height: 5'4"   Approximate Weight: 130  pounds
Other:

Subscribed and sworn before me on} MARCH 13, 2020

Notary Public, State of New York
Mark McClosky
Qualified in Schenectady County
Number 01MC6042335
Expires: May 22, 2022
          affidavit #: 217289
          NLS#: 20-3650

Attorney:
Anderson Kill P.C.
1251 Avenue of the Americas 42 floor
New York, NY 10020
212-278-1000

FIRM FILE #

SAMUEL McCLOSKY
Deponent

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
COUNTY OF QUEENS SUPREME COURT FILED ON: 3/4/2020 INDEX NO.: 703777/2020

MEGA FUNDING CORP. and NEW YORK COMMUNITY BANK f/k/a NEW YORK COMMERCIAL BANK

Plaintiff(s)-Petitioner(s)

-vs-

ANASTASIOS STITHOS, et al.,

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, Samuel McClosky being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On MARCH 13, 2020 at 11:25 A.M.
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 703777/2020 and date of filing: 3/4/2020
upon **5947 REALTY LLC**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

**MANNER OF SERVICE}**

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 2 copies with} **NANCY DOUGHERTY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 303 LLC and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by ___first class mail ___certified mail ___registered mail ___return receipt requested.
Certified or registered number:

Deponent further states upon information and belief that said person so served is not in the Military service of the State of New York or the United States as the term is defined in either State or Federal statutes.

**DESCRIPTION}** deponent describes the person actually served as:
Sex: FEMALE Race/Skin Color: WHITE Hair Color: BLACK
Approximate Age: 60 years Approximate Height: 5'4" Approximate Weight: 130 pounds
Other}

Subscribed and sworn before me on} MARCH 13, 2020

Notary Public, State of New York
Mark McClosky
Qualified in Schenectady County
Number 01MC6042335
Expires: May 22, 2022
affidavit #: 217287
NLS#: 20-3650

Attorney:
Anderson Kill P.C.
1251 Avenue of the Americas 42 Floor
New York, NY 10020
212-278-1000

SAMUEL McCLOSKY
Deponent

FIRM FILE #

1 of 1

INDEX NO. 703777/2020

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
COUNTY OF QUEENS

SUPREME COURT    FILED ON: 3/4/2020    INDEX NO.: 703777/2020

MEGA FUNDING CORP. and NEW YORK COMMUNITY BANK f/k/a NEW YORK
COMMERCIAL BANK

Plaintiff(s)-Petitioner(s)

-vs-

ANASTASIOS STITHOS, et al.,

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, Samuel McClosky being duly sworn, deposes and says that deponent is over the age of eighteen years, is
not a party in this proceeding and resides in New York State.

On  MARCH 13, 2020           at  11:25 A.M.
Deponent served two true copies of  **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 703777/2020          and date of filing: 3/4/2020
upon **STITHOS REALTY LLC**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

**MANNER OF SERVICE}**

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after
conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 2 copies with}  **NANCY DOUGHERTY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 303 LLC   and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and
discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the
following dates and times:

*Mailing*
☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository
under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential"
and mailed to the person stated above at address
on           . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action
against the recipient. The envelope was mailed by __first class mail __certified mail __registered mail __return receipt requested.
Certified or registered number:

Deponent further states upon information and belief that said person so served is not in the Military service
of the State of New York or the United States as the term is defined in either State or Federal statutes.

**DESCRIPTION}** deponent describes the person actually served as:
Sex: FEMALE          Race/Skin Color: WHITE          Hair Color: BLACK
Approximate Age: 60  years  Approximate Height: 5'4"    Approximate Weight: 130  pounds
Other:

Subscribed and sworn before me on} MARCH 13, 2020

Notary Public, State of New York
Mark McClosky
Qualified in Schenectady County
Number 01MC6042335
Expires: May 22, 2022
affidavit #: 217288
NLS#: 20-3650

Attorney:
Anderson Kill P.C.
1251 Avenue of the Americas 42
Floor
New York, NY 10020
212-278-1000

FIRM FILE #

SAMUEL McCLOSKY
Deponent

1 of 1